IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

COGNOTION, INC.,

    Plaintiff,

v.

                                CV 115-201

GRACE HILL, LLC,

    Defendant.

# O R D E R

Currently before the Court is Defendant's motion to seal and to dismiss for lack of subject-matter jurisdiction. (Doc. 18.) For the reasons explained below, the Court **GRANTS in part and DENIES in part** Defendant's motion.

## I.    Background

In December 2015, Plaintiff initiated this action. (Doc. 1.) Upon learning about the lawsuit, Defendant filed a redacted answer and redacted counterclaims, moved to seal portions of Plaintiff's Complaint, and moved for a preliminary injunction. (Docs. 6, 7.) Three days later, Defendant moved to dismiss this case for lack of subject-matter jurisdiction and to seal the

entire Complaint and other documents on the docket. (Doc. 18.) Pending final resolution of the matter, the Court sealed the Complaint. (Doc. 19.)

## II. <u>Discussion</u>

1. **Defendant's Motion to Seal**

As noted, Defendant requests that the Court seal the entire Complaint plus most other documents on the docket in this case. Specifically, Defendant seeks to seal the Complaint (doc. 1), Defendant's answer and counterclaims (doc. 6), Defendant's initial motion to seal and its brief in support of that motion (docs. 7, 8), and Defendant's disclosure statement (doc. 13). (Doc. 18 at 5 n.2.)

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern . . . and [t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." <u>Romero v. Drummond Co.</u>, 480 F.3d 1234, 1245 (11th Cir. 2007) (citations omitted) (internal quotation marks omitted). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." <u>Chemence</u>

2

Med. Prods., Inc. v. Medline Indus., No. 1:13-CV-500-TWT, 2015 WL 149984, at *1 (N.D. Ga. Jan. 12, 2015). The determination of whether the common-law right of access is outweighed by a party's interest "requires balance[ing] the asserted right of access against the other party's interest in keeping the information confidential." Romero, 480 F.3d at 1245 (citation omitted) (internal quotation marks omitted). When balancing these interests,

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id.

Although protection from embarrassment will not typically warrant sealing a document, "[c]ourts have found that a company's interest in the privacy of its financial records and the terms of confidential agreements, however, often outweigh the public right of access." Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010); see also Chemence Mrd. Prods., 2015 WL 149984, at *2 (sealing documents that contained confidential business information).

In its initial motion to seal, Defendant explained in detail the confidential business information contained in Plaintiff's Complaint. Plaintiff has not disputed this assertion. Accordingly, the Court **GRANTS** Defendant's request with respect to the Complaint. The Complaint shall **REMAIN SEALED**.

Defendant also seeks to seal its redacted answer and counterclaims, its motions and supporting briefs, its attachments, and its disclosure statement.[1] Defendant, however, has not explained why these documents should be sealed or explained what confidential information they contain. In fact, a review of these documents shows that Defendant redacted the information it deemed confidential. Accordingly, because Defendant redacted these documents that it filed, and because it has not pointed to any confidential information in the documents, the Court **DENIES** Defendant's request to seal these documents.

2. **Defendant's Motion to Dismiss**

Defendant also moves to dismiss this case for lack of subject-matter jurisdiction because the parties are not diverse. For purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the

---

[1] Following Defendant's motion to seal and dismiss, Plaintiff answered Defendant's counterclaims and responded to Defendant's motion. (Docs. 20, 21.) Defendant then replied, but did not address whether these documents should be sealed. The Court declines to seal them on its own.

company is a citizen." Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1021 (11th Cir. 2004). A corporation is a citizen of the states in which it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c).

Defendant has produced evidence that it is a limited liability company, and its sole member is GH Holding Company, a Delaware corporation. (Doc. 18, Ex. 1.) And Plaintiff is a Delaware corporation. Therefore, Plaintiff and Defendant are both citizens of Delaware for purposes of diversity. Accordingly, Defendant's motion to dismiss is **GRANTED**.

### III. Conclusion

For the reasons explained above, Defendant's motion to seal is **GRANTED in part and DENIED in part**, and Defendant's motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**. The Clerk is instructed to **CLOSE** this case and **TERMINATE** all parties and deadlines.

**ORDER ENTERED** at Augusta, Georgia this 14th day of April, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA